**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **MICHAEL FIGUEROA FERREIRA**<br><br>Plaintiff<br><br>v.<br><br>**NYPRO PUERTO RICO INC.**<br><br>Defendants | CIVIL NO.:<br><br>_____<br><br>EMPLOYMENT DISCRIMINATION<br>(JURY TRIAL REQUESTED) |

## **COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW plaintiffs through the undersigned counsel, and very respectfully STATES, ALLEGES and PRAYS:

### I.    NATURE OF ACTION

Michael Figueroa Ferreira ("Figueroa") brings forth this action against his former employer, hereinafter the **"Defendant"** to redress the deprivation of Plaintiff's rights to work in an environment free of retaliation. The **Defendants** engaged in unlawful work retaliation against Figueroa.

Due to the discriminatory, retaliatory, illegal and willful actions of the **Defendants,** Figueroa further seeks compensatory damages for deprivation of rights, mental and emotional suffering and punitive damages. Figueroa further seeks damages from **Defendants** pursuant to the laws of the Commonwealth of Puerto Rico, providing liability for tortious conduct and

1

severance pay for unjustified discharge.  State and federal claims hereinafter set forth derive from a common nucleus of operative facts.

## II.   JURISDICTION

1.   Jurisdiction is invoked under 28 U.S.C. sec. 1331. This civil action arises under the Constitution and laws of the United States of America.

2.   Supplemental jurisdiction is invoked under 28 U.S.C. sec. 1367 for the cause of action invoked under the Constitution and laws of the Commonwealth of Puerto Rico.

3.   Venue is appropriate in this Court pursuant to 28 U.S.C. sec. 1391, as this action is brought in the judicial district in which the discriminatory, retaliatory and unlawful actions against Plaintiff occurred.

## III.   THE PARTIES

4.   Plaintiffs Figueroa, is of legal age, married, a citizen of the United States of America, and resident of the city of Guaynabo in the Commonwealth of Puerto Rico.  Figueroa worked for the Defendant satisfactorily from March 31, 2008 until February 8, 2016, when he was unjustifiably discharged and in retaliation for participating and cooperating in an internal investigation made by the employer.

5.   The Defendant is a corporation organized under the laws of Puerto Rico and is authorized to do business in the Commonwealth of Puerto Rico.

## IV.   FACTS

6.   As already mentioned Figueroa began working for the Defendant on March 31, 2008. For the defendant, Figueroa worked as Operations Manager, then as Engineering Director and finally as Program Manager until he was unlawfully discharged. Based on the terms of the

employment contract, Figueroa received a $90,000 yearly of compensation plus an approximate 5% of that **amount** yearly for profit sharing.

7.    The defendant is a company dedicated to provide a comprehensive array of global solutions in ideation, product design, molding, tooling, intelligent supply chain management, device assembly and manufacturing for the Healthcare and Packaging industries.

8.    During his tenure as employee of the defendant, Figueroa received extraordinary evaluations which allowed him to receive company's achievement recognitions and salary increases.

9.    On February 18, 2015, Figueroa sent an email to Mr. Javier Morales, Engineer Manager of the company, requesting support from the Engineers Technicians to help on the projects of Covidien, a health care products company and one of defendant's clients that plaintiff tend to. The **defendants** did not take any action upon Figueroa's request.

10.    On February 26, 2015, Figueroa sent other email to Mr. Pedro Martínez,, Plant Manager, with copy to Mr. Derek Kane, International Business Unit Manager, and Mr. Javier Morales, requesting a Quality Engineer and a Project Engineer to support the Customer Focus Team that tend to Covidien. This request came after Figueroa, Mr. Kane, and Mr. Acelio Hernández had a meeting at Covedien's plant in Ponce, PR and assessing the client's needs.

11.    Mr. Kane's response to that email was that he would approve the request for the Quality Engineer but not the on for the Project Engineer alleging that Figueroa could handle the workload. A new Quality Engineer, Mr. Angel Burgos, was hired but instead of working exclusively with Covidien as plaintiff requested, he was assigned to work all the accounts in the company's plant.

12.    Later, Plaintiff met with Mr. Kane and Mrs. Tamarita Martínez, Program Manager-Haemonetics Account, at Mr. Javier Morales' office to discuss the latest developments of the Cayey's plant. In that meeting, Figueroa informed Mr. Kane that the Covidien account had a products delay of about $200,000, that the quality complaints were increasing and that the new Quality Engineer, Mr.  Burgos, was assigned to all accounts and couldn´t cover all of Covidien's

needs. The Plaintiff basically insisted that the company had to allocate more resources for Covidien because based on the client's needs, the personnel assigned to it was not enough.

13. On May 18, 2015, Figueroa sent another email to Mr. Javier Morales in which once again requested assistance from the Technical Engineers. The defendant did not take any action from this request.

14. On January 2016, Mr. Morales had a meeting with Figueroa in his office, in which he informed plaintiff, without giving any explanation, that he received specific orders that plaintiff was no longer authorized to communicate with the clients. Mr. Morales indicated to plaintiff that any communication had to go through him or Mr. Angel Abreu, CFT Leader. However, Mr. Morales was very clear to Figueroa that the new instructions were a consequence of the above mentioned meeting plaintiff had with Mr. Kane.

15. Later in a meeting with Mr. Ricardo González related to Covidien, it was requested from Figueroa all the information regarding all the projects he was working on and their status. Figueroa presented to Mr. González a list of approximately 75 projects that plaintiff was working for Covidien and each of them was discussed. Mr. González told Figueroa at that meeting that in all his working experience he had not seen a Program Manager managing alone so many projects at the same time for a client. Mr. González asked Figueroa what resourced he needed, and plaintiff answered once again a Technical Engineer and a Project Engineer to work exclusively with Covidien. Mr. Gonzalez indicated to Figueroa that he would communicate with Mr. Morales to make the request.

16. On February 8, 2016 the company assigned Mr. Bryan Cruz, Technical Engineer, and Mr. José Escalera, Validation Engineer, to work exclusively with Covidien's account based on instructions by Mr. Morales.

17. That same day at 4:00 pm, Figueroa met at the Human Resources with the Mr. Ricardo González and Mr. Manuel Rodríguez where they informed him of his employment termination because allegedly of performance and client's complaints. That was the first time

Figueroa heard there was any problem with his performance and/or there were any clients' complaints.

18.    All of the above constitute unlawful retaliation and injustified termination because Figueroa was discharged because of his complaints regarding the problems with Covidien' account and his participation and collaboration in the internal investigation by the employer.

19.    The before mentioned situation and the action by Defendant, caused Figueroa suffering and mental anguish, and economic damages.

20.    Figueroa then, on March 15th, 2011, filed a complaint before the Anti Discrimination Unit of Puerto Rico and the EEOC, case number 515-2016-00274 alleging in essence, that he had been illegally and discriminatorily discharged, based on retaliation.

21.    On  July 26, 2016, the EEOC notified a right to sue letter for Figueroa.

V.    Plaintiff's Causes of Action


**A.    First Cause of Action**

22.    All previous allegations are incorporated herein.

23.    The events described herein are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

24.    All of the events described herein constitute retaliation violation of the Civil Rights Act of 1964.

**B.  Second cause of action**

25.    All previous allegations are incorporated herein.

26.    Defendant's actions and conduct constitute retaliation against Figueroa and in violation of Act. 115 of December 20, 1991, as amended by Act 169 of September 29, 2014 through a pendent jurisdiction procedure, pursuant to 28 U.S.C.A. §1367.

**C.  Third cause of action**

27.    All previous allegations are incorporated herein.

28.   **Figueroa's** discharge was without just cause, thus enacting his right to be compensated in light of the provisions under Law No. 80 of May 30, 1976, 29 LPRA secs. 185(a) et., through a pendent jurisdiction procedure, pursuant to 28 U.S.C.A. §1367.

## VI.   REMEDIES REQUESTED

WHEREFORE, plaintiffs very respectfully requests from this Honorable Court that judgment be issued as follows:

A.   That the acts and omissions incurred by defendants have violated Figueroa' civil rights under Title VII, thereby triggering Plaintiff's entitlement to a suitable compensation.

B.   That Figueroa be reinstated in his employment and back pay be awarded to plaintiff from the date in which he was wrongfully discharged to the date of judgment in this case, including salaries and employment benefits.

C.   That actual and compensatory damages be awarded to plaintiff, as a result of the illegal actions and omissions committed by the defendant, in an amount of no less than $80,000.00

D.   Because of Defendant's willful conduct and in total disregard of the applicable statutes and Figueroa' rights, plaintiff requests that punitive damages be awarded, as a result of the illegal actions and omissions committed by the defendant.

E.   That the statutory compensation of Law 80 be awarded to Figueroa, for his unlawful discharge that in this case is approximately $39,999.98.

F.    That the costs of this action, together with reasonable attorney fees, be granted to plaintiff, as provided by applicable law.

G.   That any other relief that this Honorable Court deems just and proper be awarded.

A JURY TRIAL IS HEREBY RESPECTFULLY REQUESTED.

WHEREFORE, it is respectfully requested that judgment be entered against Defendant accordingly.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico on Septemeber 9th, 2016.

I HEREBY CERTIFY that on September 9th, 2016, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system.

s/ Jorge L. Marchand Heredia
**JORGE L. MARCHAND HEREDIA**
**LAW OFFICE**
Attorney Bar Number:  223712
Attorney for Plaintiff
PO BOX 364273
SAN JUAN, PR 00936-4273
Tel. (787)766-9942
Fax. (787)524-1208
E-mail: jlmarchand@prtc.net

7